DECISION
Appellants, Lockridge Outdoor Advertising Agency ("Lockridge") and George C. and George S. Smith ("Smiths"), appeal from a judgment of the Franklin County Court of Common Pleas that affirmed a decision by appellee, the Franklin County Board of Zoning Appeals ("BZA"), in denying appellants' request for a variance filed by the Smiths and set forth the following assignment of error:
 FIRST ASSIGNMENT OF ERROR: THE DECISION OF THE BOARD OF ZONING APPEALS WAS ARBITRARY AND CAPRICIOUS, THEREBY WARRANTING A REVERSAL BY THIS COURT OF APPEALS.
For the reasons which follow, we affirm the decision of the trial court.
In January 1997, Carol Anderson, representing Lockridge and on behalf of the Smiths, applied to the Franklin County Development Department for a permit to install a billboard on a portion of land apparently leased by the Smiths to Lockridge. The property is part of a seventeen-acre tract currently zoned for heavy manufacturing located on the east side of Interstate 71 in Franklin Township. A permit to construct the billboard was issued February 25, 1997, which provided that construction had to be commenced within six months of the date of issue.
In April 1997, the development department received an inquiry from Donrey Outdoor Advertising as to whether the proposed location set forth in the permit issued to Lockridge would meet the spacing requirements for billboards in Section 541.133 of the Franklin County Zoning Resolution. To be certain the development department was correctly applying the spacing requirements between billboards, Tammy Noble, Assistant Director of the Development Department, requested advice from the Franklin County Prosecutor's Office. Noble also stated at the December 15, 1997 meeting of the BZA:
 * * * I had distinctly contacted them prior to construction to help them make the decision that there may be a problem with the validity of the permit if they wanted to proceed. The agent for the company stated that they were going to go ahead with construction and basically, they take their chances. Again, there is some question whether she actually contacted the company that she represents or not and they have stated that she did not contact them.
* * *
 * * * We actually received a formal request from another outdoor advertising agency questioning the validity of this permit on April 7 of '97. I contacted Ms. Anderson the day we received that letter and let her know exactly — and I offered to fax her a copy of the request. She did not wish to have a fax. She simply stated that they had proceeded with the construction of the sign and they weren't going to delay it. That conversation took place on April 7, 1997. * * *
Although no representative of Lockridge was at the BZA meeting, Lockridge's attorney stated:
 * * * I've talked to Ms. Anderson who is not here today. She said that conversation did not occur. Talking to Tammy, I understand what Tammy told Carol Anderson was that there was somebody questioning the validity of the permit. There was never any word not to construct this. There was never any advice not to construct this billboard. * * *
Thus, Lockridge does not deny it was aware of an issue relating to the validity of its permit and only asserts it was not ordered to stop construction. Tim Lantzy, General Manager for Donrey, also stated at the BZA meeting that he had talked to Mr. Lockridge and raised the issue, prior to construction of the billboard, as to whether the location for the billboard designated in Lockridge's permit met the spacing requirements of Section 541.133.
Following receipt of an opinion from the prosecutor's office, the billboard permit was revoked August 25, 1997; however, by this time, construction of the billboard was complete.
Following the revocation of the billboard permit, the Smiths, through Lockridge, applied for a variance from the spacing requirements of Section 541.133, which was denied by the BZA on December 15, 1997. The Franklin County Court of Common Pleas affirmed the denial of the variance.
The standard of review for an appeal from an administrative agency of a political subdivision is set forth in R.C. 2506.04, which provides:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the office or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. * * *
In Elbert v. Bexley Planning Comm. (1995), 108 Ohio App.3d 59,66, this court stated:
 Initially, we note the standards of review by which a trial court and an appellate court are to consider appeals under R.C. Chapter 2506. In Budd Co. v. Mercer (1984), 14 Ohio App.3d 269, * * * the court discussed the applicable standards of review, holding:
 "It must * * * be remembered that the appeal in the common pleas court was an appeal from an administrative agency and, as such, was governed by R.C. Chapter 2506. * * * Specifically, the common pleas court is confined to the transcript compiled during the agency's proceedings (R.C. 2506.03, 2506.02), unless one of the conditions specified in the statute appears on the face of the transcript or by affidavit. R.C. 2506.03(A) and (B). * * * When reviewing the decision of an administrative agency, the common pleas court, based on the entire record, may find that the agency's order, adjudication or decision is `unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence * * *.' R.C. 2506.04. In undertaking this hybrid form of review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, * * * and the court may not, especially in the areas of administrative expertise, blatantly substitute its judgment for that of the agency. * * *
"* * *
 "* * * In determining whether the common pleas court properly applied the standard of review set forth in R.C. 2506.04, this court has a limited function. This court's determination is limited to the question of whether, as a matter of law, a preponderance of reliable, probative and substantial evidence exists to support the decision of the board." Id. at 273-274, * * *.
The only issue posited by appellants' appeal relates to the denial of the variance. Issues as to the propriety of revoking appellants' permit remain pending before the BZA. Section 810.041 of the Franklin County Zoning Resolution provides:
 810.041 Approval of Variance. The Board of Zoning Appeals shall only approve a variance or modification thereof if all the following findings are made:
 1) That special conditions and circumstances exist which are peculiar to the land or structure involved and which are not applicable to other lands or structures in the same Zoning District.
 2) That a literal interpretation of the provisions of this Zoning Resolution would deprive the applicant of rights commonly enjoyed by other properties in the same zoning district under the terms of this Zoning Resolution.
 3) That the special conditions and circumstances do not result from the action of the applicant.
 4) That granting the variance requested will not confer on the applicant any special privilege that is denied by this Zoning Resolution to other lands or structures in the same Zoning District.
 5) That granting the variance will not adversely affect the health or safety or persons residing or working in the vicinity of the proposed development, be materially detrimental to the public welfare, or injurious to private property or public improvements in the vicinity.
These criteria mirror those set forth by the Ohio Supreme Court inDuncan v. Middlefield (1986), 23 Ohio St.3d 83. In Kisil v.Sandusky (1984), 12 Ohio St.3d 30, syllabus, the Ohio Supreme Court held:
 The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties.
In C. Miller Chevrolet v. Willoughby Hills (1974),38 Ohio St.2d 298, paragraph two of the syllabus, the Ohio Supreme Court held:
 In an appeal, under R.C. Chapter 2506, from the denial of an application for a variance by a zoning board of appeals, there is a presumption that the board's determination is valid, and the burden of showing invalidity of the board's determination rests on the party contesting that determination.
Upon a review of the record, we find that appellants meet none of the criteria set forth in Section 810.041 or Duncan, and have not established any practical difficulties not of their own making. There was no evidence of any condition peculiar to this tract of land that made it impractical to impose the billboard spacing requirements in Section 541.133 and there is no evidence other applicants for permits for billboards are not subject to the same spacing requirements. In fact, granting the variance to appellants would grant Lockridge special privileges not available to other owners of billboards. Last, although appellant was advised there might be an issue as to the validity of its permit, it nonetheless proceeded to construct the billboard, did so at its own risk and has created its own practical difficulties. The inability of appellants to use the land for a billboard as proposed, is not the result of application of the Franklin County Zoning Regulations but, rather, the result of appellants' own actions.
For the foregoing reasons, appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.